IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERNEST SMALIS, )
)
    Appellant-Plaintiff, ) 2:16-cv-1447
)
v. ) Judge Mark R. Hornak
)
HUNTINGTON BANK, *et al*, )
)
    Appellees-Defendants. )

**MEMORANDUM OPINION**

**Mark R. Hornak, United States District Judge**

I. **INTRODUCTION**

Imitation may be the sincerest form of flattery, but not when Plaintiff Ernest Smalis ("Smalis") relitigates issues settled by a decade-old consent order over and over again. Smalis lost a foreclosure action in state trial court involving commercial real estate at 3224 Boulevard of the Allies in Pittsburgh, Pennsylvania (the "Property"). Smalis co-owned the Property with his then-wife, son, and daughter (collectively the "Smalis family"). The Pennsylvania appellate courts affirmed the state trial court's verdict.

Smalis's ex-wife later filed for bankruptcy in the United States Bankruptcy Court for the Western District of Pennsylvania ("Bankruptcy Court") and listed the Property as an asset. Smalis responded by filing an adversary proceeding in 2005 (the "Initial Proceeding") challenging the validity of the foreclosure action against the Property. On May 19, 2006, Smalis and the defendants in the Initial Proceeding, which included Pennsylvania Capital Bank ("PCB"), successors Three Rivers Bank ("TRB") and Sky Bank ("Sky"), as well as the assignee of the Property's mortgage, Labrisa Lofts ("Labrisa"), executed a consent order concluding the

Initial Proceeding. The consent order released the parties to the Initial Proceeding and their successors from claims they had or may have had against each other regarding the Property.

Despite signing the consent order, Smalis brought an adversary proceeding in 2015 at the Bankruptcy Court against PCB, TRB, Sky, and these banks' successor: Huntington Bank ("Huntington"). Smalis moved to vacate the consent order and again challenged the validity of the foreclosure action he lost in state court. The Bankruptcy Court denied Smalis's motion to vacate the consent order and held that the doctrine of claim preclusion prevented him from relitigating issues settled by the consent order. Unsatisfied with his outcome in the Bankruptcy Court, Smalis appealed. Because the Bankruptcy Court correctly held that the consent order is valid and precludes further litigation regarding the foreclosure action against the Property, this Court affirms the Bankruptcy Court.

## II. JURISDICTION AND STANDARD OF REVIEW

28 U.S.C. § 158(a)(1) bestows this court with subject matter jurisdiction over Smalis's bankruptcy appeal. District courts review "the bankruptcy court's legal determinations *de novo*, its factual findings for clear error[,] and its exercise of discretion for abuse thereof." *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (internal quotation marks omitted). A factual finding by a bankruptcy court is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Cellnet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## III. FACTS AND PROCEDURAL HISTORY

The factual timeline underpinning this appeal began in early October 1993. The Smalis family signed a promissory note in favor of PCB for $335,000. (ECF No. 9-2 at 9). The Smalis family secured repayment of the promissory note by mortgaging the Property to PCB. (*Id.* at 1–

2

7). TRB, PCB's successor, assigned the mortgage to Labrisa in mid-February 2002. (ECF No. 9-11 at 1–2). Labrisa filed a foreclosure action concerning the property in May 2002, naming each member of the Smalis family as an individual defendant. (ECF No. 9-12 at 1, 6). In an October 2003 bench trial, Judge R. Stanton Wettick Jr. entered a $70,000 verdict plus costs against Smalis. (*Id.* at 3). Smalis unsuccessfully appealed the trial-court verdict to the Superior Court of Pennsylvania and the Supreme Court of Pennsylvania. (*Id.* at 2–3; ECF No. 9-18 at 2).

After the state courts provided Smalis no relief, he filed the Initial Proceeding in late November 2005 against Labrisa, PCB, TRB, and Sky, among others, in the Bankruptcy Court. (ECF No. 9-1 at 2); Adv. No. 05-3325 Doc. No. 1. He argued that the defendants obtained their foreclosure judgment against him by fraud, voiding the judgment. (*Id.* at 3). His complaint contained thirteen causes of action related to the Property:

1. Violation of Article 9 of the Uniform Commercial Code;

2. Violation of rights protected by the 14th Amendment of the United States Constitution for deprivation of property without [d]ue [p]rocess of [l]aw;

3. Violation of the protections afforded by the 14th Amendment of the United States Constitution guaranteeing to all persons [e]qual [p]rotection under the [l]aw;

4. Violation of the Truth in Lending Act due to failure to make accurate disclosures and disposition of monies paid toward the principal of the mortgage;

5. Violation of the Real Estate Settlement Procedures Act by illegally routing monies paid to satisfy the mortgage;

6. Violation of the Racketeer Influenced and Corrupt Organizations Act;

7. Common law fraud;

8. Fraudulent transactions pursuant to 28 U.S.C. § 2410;

9. Violation of the Fair Debt Collection Practices Act and Consumer Credit Protection Act due to illegal debt collection practices;

10. Violation of 12 U.S.C. § 91 due to wrongful foreclosure;

11. Violation of 21 P.S. § 681 for failure to satisfy a mortgage;

12. Violation of 42 Pa. C.S. § 8104 for breach of duty by judgment creditor to enter satisfaction of judgment; and

13. Common law assumpsit/trespass and breach of contract.

(ECF No. 9-1 at 3 (citing Adv. No. 05-3325, Doc. No. 1, ¶¶ 12–24)). Attorney Robert Lampl ("Lampl") represented Smalis's son and daughter in the Initial Proceeding. (ECF No. 9-19 at 2). However, Lampl also represented Smalis while Smalis cooperated with his son to settle the Initial Proceeding. (ECF No. 10-1 at 4).

Efforts to settle the Initial Proceeding resulted in a consent order entered on May 19, 2006. The second paragraph of the order provided:

> [t]hat with the settlement and discontinuance with prejudice of Adversary Proceeding 05-03325-BM, and with entry of this CONSENT ORDER, the Debtor, Co-Owners Ernest Smalis, Maria Smalis Sfanos and Michael Smalis, their heirs, administrators, agents, successors and assigns, the Trustee, LaBrisa Lofts, L.P., its predecessors, successors, agents, attorneys and assigns, Pennsylvania Capital bank and its successors, Three Rivers Bank and Sky Bank, their Attorney and Agents, Joseph Augustine, V.P. Sky Bank, and Vince Zappa, Esquire, HEREBY RELEASE each other from each and every claim which they have or may have had against each other regarding the Mortgage and Note recorded in the Recorder's Office of Allegheny County Pennsylvania at MBV. 13523, page 546, and Assigned to LaBrisa Lofts, L.P., and regarding or in any way relating to any and all documentation concerning the subject property, said Mortgage, Note and/or Assignment and regarding any and all litigation surrounding said Mortgage, Note and/or Assignment whether in state or federal court or any other jurisdiction.

(ECF No. 9-20 ¶ 2). Lampl signed the consent order on Smalis's behalf. (*Id.* at 3).

Disagreements arose between Smalis and Lampl. The Bankruptcy Court, in Adversary Proceeding 13-2362,[1] concluded that Lampl's "representation of Mr. Smalis ceased when the interests of Mr. Smalis and his son diverged and when Mr. Smalis sought to litigate items which Attorney Lampl believed had no merit." (ECF No. 10-1 at 4–5). The Bankruptcy Court also found that Lampl "credibly represented to the Court that matters were settled with Mr. Smalis['s] authorization." (*Id.* at 4). Later, Smalis argued "that he did not give permission for Attorney Lampl to represent him, and that Attorney Lampl settled matters allegedly on his behalf without his permission to do so." (*Id.* at 2). Smalis represented in his brief that he "never conversed with Robert O[.] Lampl other than the one phone call . . . dated 1/16/2014" in which Lampl stated "Ernest Smalis wanted to represent himself pro-se and left at thar [sic]." (ECF No. 9 at 22).

Smalis also alleged that he did not know about the May 19, 2006, consent order entered in the Initial Proceeding. (ECF No. 10-1 at 5). The Bankruptcy Court found otherwise:

> His assertion that he was not aware of the resolution of Adversary Proceeding 05-3325 until 2014 is not credible based on his past involvement. Furthermore, based upon a review of the docket, the Consent Order of Court dated May 19[], 2006, resolving the adversary proceeding was served through the Bankruptcy Noticing Center on Ernest Smalis by first class mail on May 21, 2006, at "FH5830, PO Box 1000, Houtzdale, PA 16698-1000." *See* Adv. No. 05-3325, Doc. No. 36. This is the same address provided by Mr. Smalis himself on his pro se Complaint commencing the adversary proceeding.

(*Id.*). The Bankruptcy Court also remarked that "Mr. Smalis provide[d] no explanation for his failure to promptly update his address." (ECF No. 9-1 at 8).

Smalis filed Adversary Proceeding 15-2174 at the end of August 2015. (*Id.* at 5). Smalis's causes of action were "nearly identical to those set forth in his complaint" in the Initial

---

[1] Adversary Proceeding 13-2362 is one of Smalis's multiple Bankruptcy Court filings stemming from Labrisa foreclosing upon the Property. The Bankruptcy Court's memorandum opinion in Adversary Proceeding 15-2174 provides a detailed history of Smalis's prior proceedings. (ECF No. 9-1 at 2–6).

5

Proceeding. (*Id.* at 2, 5). Smalis's complaint (as stated in the appellate brief filed by PCB, TRB, Sky, and Huntington (collectively the "Banks")) alleged that the Banks violated:

> (a) Article 9 of the Uniform Commercial Code ("UCC"); (b) Appellant's right to due process under the Fourteenth Amendment to the United States Constitution; (c) the Truth in Lending Act ("TILA"); (d) the Real Estate Settlement Procedures Act ("RESPA"); (e) the Fair Debt Collection Practices Act ("FDCPA"); (f) those portions of Pennsylvania's recording statute and judicial code related to satisfaction of a mortgage and judg[]ment; (g) the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); and (h) Appellant's contractual rights.

(ECF No. 10 at 10) (emphasis omitted). The Banks moved to dismiss Smalis's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which apply to adversary proceedings through Federal Rule of Bankruptcy Procedure 7012. (ECF No. 9-1 at 6). Smalis moved to vacate the May 19, 2006, consent order under Federal Rules of Civil Procedure 60(b)(1–4) and (6), which through Federal Rule of Bankruptcy Procedure 9024 apply to bankruptcy matters. (*Id.* at 8).

The Bankruptcy Court denied Smalis's motion to vacate the consent order. (ECF No. 1-28 at 1). Smalis filed his motion to vacate the consent order far more than a year after the Bankruptcy Court entered the consent order on May 19, 2006, making Federal Rules of Civil Procedure 60(b)(1–3) inapplicable to his motion to vacate. (ECF No. 9-1 at 8); FED. R. CIV. P. 60(c)(1). The Bankruptcy Court further ruled that, for purposes of moving to vacate the consent judgment under Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6), Smalis did not file his motion "within a reasonable time" as required by Federal Rule of Civil Procedure 60(c)(1). (ECF No. 9-1 at 8). Smalis instead waited ten years before he filed his motion to vacate. (*Id.*). Also, the Bankruptcy Court determined that "Attorney Lampl's authority to sign the [c]onsent

6

[o]rder was long ago resolved. Accordingly, Mr. Smalis has not met his burden to establish grounds to vacate the [c]onsent [o]rder." (*Id.* at 10).

The Bankruptcy Court granted the Banks' motion to dismiss with prejudice. (ECF No. 1-28 at 1–2). It reasoned that claim preclusion prevented Smalis from relitigating the issues surrounding the promissory note and mortgage on the Property due to the consent order, which functioned as a final judgment on the merits. (ECF No. 9-1 at 10). The Bankruptcy Court also concluded that Smalis's "pursuit of the [c]omplaint is barred by the broad release provisions of the [c]onsent [o]rder." and "dismissal with prejudice is clearly appropriate as the [c]omplaint constitutes a frivolous, baseless filing consistent with Mr. Smalis'[s] pattern in this case." (*Id.* at 10–11).

Smalis appealed to this Court on September 20, 2016. (ECF No. 1). The appeal is fully briefed. (ECF Nos. 9–10, 12). Smalis asked this Court to determine "whether the Bankruptcy Court erred when it dismissed appellant's adversary proceeding against appellees." (ECF No. 9 at 9).

## IV. ANALYSIS

The Bankruptcy Court correctly dismissed Smalis's most-recent adversary proceeding against the Banks. Implicit within the broad issue of "whether the Bankruptcy Court erred when it dismissed appellant's adversary proceeding" (*Id.*) is the question of whether the Bankruptcy Court properly denied Smalis's motion to vacate the consent order (ECF No. 1-28 at 1). If the consent order was invalid, the Bankruptcy Court would not have had a basis to dismiss Smalis's action via claim preclusion.[2] (ECF No. 9-1 at 7–11). The Court will first explain why the Bankruptcy Court properly denied Smalis's motion to vacate (ECF No. 1-28 at 1) the consent

---

[2] In its memorandum opinion, the Bankruptcy Court determined that Smalis's "Motion to Vacate is inextricably intertwined with . . . [his] ability to pursue his Complaint and must be addressed herein as enforcement of the Consent Order would resolve this adversary proceeding." (ECF No. 9-1 at 7–8).

7

order before reviewing the Bankruptcy Court's dismissal of Smalis's action.

A. **The Bankruptcy Court Properly Denied Smalis's Motion to Vacate**

1. **Smalis may not Vacate the Consent Order Using Federal Rules of Civil Procedure 60(b)(1–3) and (6)**

Smalis's motion to vacate the consent order (ECF No. 1-28 at 1) under Federal Rules of Civil Procedure 60(b)(1–3) and (6) fails because he filed it too late. Federal Rule of Civil Procedure 60(c)(1) states that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). As for using Federal Rule of Civil Procedure 60(b)(6), the United States Court of Appeals for the Third Circuit ("Third Circuit") held that moving to vacate a judgment two years after the trial court entered it does not meet the "reasonable time" requirement of Federal Rule of Civil Procedure 60(c)(1). *Moolenaar v. Government of the Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987).

The Bankruptcy Court entered the consent order on May 19, 2006. (ECF No. 9-20 at 1). Smalis filed his motion to vacate the consent order on July 21, 2016—over a decade later. (ECF No. 1-6). Federal Rule of Civil Procedure 60(c)(1) prevents Smalis from using reasons (1–3) under Federal Rule of Civil Procedure 60(b) as the basis for his motion to vacate because he filed his motion over nine years too late. Smalis is also blocked from using Federal Rule of Civil Procedure 60(b)(6) to vacate the consent order because he filed his motion more than eight years after the "reasonable time" requirement expired under Third Circuit precedent. *Moolenaar*, 822 F.2d 1348. And even though Smalis claims he did not know about the Bankruptcy Court entering a consent order in the Initial Proceeding, the Bankruptcy Court highlighted that "Mr. Smalis previously raised this argument in other proceedings, and [it] . . . found that notice was sent to the address Mr. Smalis provided to the Court. (ECF No. 9-1 at 8). The Bankruptcy Court

added that "Mr. Smalis provides no explanation for his failure to promptly update his address," implying that Smalis's supposed lack of notice was self-caused. (*Id.*) Therefore, Smalis is unable to access the avenues for relief from the consent order found in Federal Rules of Civil Procedure 60(b)(1–3) and (6).

The Court dismisses out of hand Smalis's argument that Attorney Lampl lacked express authority to sign the consent order on his behalf. District courts review "the bankruptcy court's ... factual findings for clear error." *In re United Healthcare Sys., Inc.*, 396 F.3d at 249 (internal quotation marks omitted). In a related adversary proceeding about whether Lampl signed the consent order without Smalis's permission, the Bankruptcy Court concluded that Lampl's "representation of Mr. Smalis ceased when the interests of Mr. Smalis and his son diverged and when Mr. Smalis sought to litigate items which Attorney Lampl believed had no merit." (ECF No. 10-1 at 4–5). The Bankruptcy Court also found that Lampl "credibly represented to the Court that matters were settled with Mr. Smalis['s] authorization." (*Id.* at 4). Smalis provided no evidence contrary to the Bankruptcy Court's factual findings except a vague reference in his brief to a phone call "dated 1/16/2014" in which Lampl stated "Ernest Smalis wanted to represent himself pro[]se and left at thar [sic]." (ECF No. 9 at 22). Smalis did not provide the Court with a recording or a transcript of this phone call, which, if it happened, occurred almost eight years after the Bankruptcy Court entered the consent order. (ECF No. 9-20 at 1). Even if this call occurred and Smalis correctly quoted Lampl's words, Smalis may be quoting Lampl out of context because the Bankruptcy Court found that Lampl stopped representing Smalis when Smalis wanted to litigate meritless issues. (ECF No. 10-1 at 5). Since Smalis did not provide a recording or a transcript of his alleged January 2014 phone call with Lampl, the Court is unable to determine whether Smalis is fairly quoting Lampl. Because the Court finds no clear error in the Bankruptcy Court's factual findings regarding Lampl's

9

representation of Smalis, the Court rejects Smalis's argument that Lampl executed the consent agreement for Smalis without Smalis's express authority.

## 2. Smalis may not Vacate the Consent Order Using Federal Rule of Civil Procedure 60(b)(4)

Smalis also may not move to vacate the consent order under Federal Rule of Civil Procedure 60(b)(4). The Third Circuit holds that "[a] judgment may indeed be void, and therefore subject to relief under 60(b)(4), if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered 'a decree which is not within the powers granted to it by the law.'" *Marshall v. Bd. of Educ.*, 575 F.2d 417, 422 (3d Cir. 1978) (quoting *United States v. Walker*, 109 U.S. 258, 265–67 (1883)). Void judgments are nullities; "no passage of time can transmute a nullity into a binding judgment, and hence there is no time limit" to make a motion under Federal Rule of Civil Procedure 60(b)(4). *United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000). This is so despite "the text of the rule dictat[ing] that the motion will be made within 'a reasonable time.'" *Id.* (quoting FED. R. CIV. P. 60(c)(1)).

The Bankruptcy Court had jurisdiction over the Initial Proceeding. Bankruptcy courts have jurisdiction over adversary proceedings (like the Initial Proceeding) when they are "related to" the bankruptcy, meaning that the outcome of the adversary proceeding could affect the interests being administered in the bankruptcy. *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). The Initial Proceeding concerned a mortgage on the Property assigned to Labrisa that Smalis believed was already paid off. (ECF No. 9-1 at 2). Smalis's ex-wife filed for Chapter 7 bankruptcy and identified her interest in the Property before Smalis filed the Initial Proceeding. (*Id.*) If, during the Initial Proceeding, it was found that the mortgage on the Property was paid off, that could have changed the distributions in Smalis's ex-wife's bankruptcy. Therefore, the Bankruptcy Court had jurisdiction over Smalis's Initial Proceeding.

The Bankruptcy Court also entered a decree within the powers granted to it by law. Parties stipulating to settle an action "thereby 'consent to the exercise of the court's power to compel compliance.'" *Cooper-Jarrett, Inc. v. Cent. Transp., Inc.*, 726 F.2d 93, 96 (3d Cir. 1984) (quoting *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)). Smalis and the other parties to the Initial Proceeding consented to the Bankruptcy Court's power to compel compliance by agreeing to a consent order. *See* (ECF No. 9-20 at 3–7) ("this consent order is hereby entered by this Court with the full consent and authority of the parties whose signatures appear below."). Thus, the Bankruptcy Court had lawful power to enter the consent decree.

Because the Bankruptcy Court had jurisdiction over Smalis's Initial Proceeding and had the power to enter consent orders, Smalis is unable to vacate the May 19, 2006, consent order under Federal Rule of Civil Procedure 60(b)(4). The Bankruptcy Court properly denied Smalis's motion to vacate the consent order.

### B. The Bankruptcy Court Properly Dismissed Smalis's Latest Action via Claim Preclusion

The final issue in this appeal is whether the Bankruptcy Court properly held that the consent order, in conjunction with the doctrine of claim preclusion, prohibited Smalis from relitigating causes of action regarding the Property. Claim preclusion under federal law applies "when three circumstances are present: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Mullarkey v. Tamboer (In re Mullarkey)*, 536 F.3d 215, 225 (3d Cir. 2008). "Judicially approved settlement agreements are considered final judgments on the merits for the purposes of claim preclusion." *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) (citing *Langton v. Hogan*, 71 F.3d 930, 935 (1st Cir. 1995)).

The three federal claim preclusion elements are present. First, the consent order constitutes a final judgment on the merits. *Toscano*, 288 F. App'x at 38; (ECF No. 9-20). Second, Smalis and the Banks[3] participated in Smalis's Initial Proceeding. (ECF Nos. 1 at 1; 9-20 at 1). Third, Smalis brought causes of action in this lawsuit that are "the same or are closely related" to those he brought in the Initial Proceeding. *Jackson v. Dow Chem. Co.*, 902 F. Supp. 2d 658, 672 (3d Cir. 2012). Res judicata bars "claims that could have been brought" in a prior action. *Mullarkey*, 536 F.3d at 225. Federal courts focus on whether the claims "aris[e] out of the same transaction or occurrence" when determining precluded claims in subsequent actions. *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991). The claims in Smalis's Initial Proceeding and in this case stem from Labrisa's foreclosure action on the Property. (ECF Nos. 9-1 at 2–3; 9 at 9–12). Therefore, Smalis is precluded from bringing claims that blossom from Labrisa's foreclosure of the property.[4]

## V. **CONCLUSION**

This Court will affirm the Bankruptcy Court's denial of Smalis's motion to vacate the consent order (ECF No. 1-28 at 1) and its grant of the Banks' motion to dismiss Smalis's complaint with prejudice. (*Id.* at 1–2).

s/ Mark R. Hornak
Mark R. Hornak
United States District Judge

Dated: March 1, 2017

cc: All counsel of record
     Ernest Smalis (via U.S. Mail)

---

[3] Huntington was not a successor to PCB, TRB, and Sky at the time of the original proceeding.

[4] Language in the consent order's second paragraph leaves no doubt that Smalis is unable to bring claims related to the Property in subsequent actions: "[the parties] hereby release each other from each and every claim which they have or may have had against each other regarding the mortgage and note." (ECF No. 9-20 ¶ 2).